UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


GARY DAMATO
                                                PRISONER
    v.                          Case No. 3:08cv855(SRU)(WIG)

WARDEN MURPHY


## RULING AND ORDER

Petitioner has filed several miscellaneous motions in this habeas corpus action.

I.    Motion Response to Court's Ruling [Doc. #25]

On September 17, 2008, the court denied petitioner's request for a copy of the entire court file and directed the Clerk to send him a copy of the docket sheet to enable petitioner to purchase copies of documents he needed. In this motion, petitioner states that he has not received the copy of the docket sheet. He also states that he mailed many documents to the court without making copies for himself and has attached a copy of his inmate account statement showing a balance of $0.06.

Petitioner has no constitutional right to free photocopies, see, e.g., Collins v. Goord, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006), and in forma pauperis status does not entitle him to free copies of documents in the court's file. See, e.g., Guinn v. Hoecker, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may

constitutionally require indigent plaintiff to demonstrate need for free copy). Mailing some documents without making copies is insufficient to warrant a complete free copy of the court file. Most of petitioner's motions were denied and are now not relevant to his petition or ability to reply to the response to the order to show cause.

Petitioner's motion is granted to the extent that the Clerk is directed to send petitioner a copy of the docket sheet and denied without prejudice in all other respects. Upon receipt of the docket sheet, petitioner may contact the Clerk's Office to ascertain the number of pages and copy cost for any documents. If he cannot afford the fee, he may file a motion explaining why he needs a copy of those particular documents.

II. Motion to Notify [Doc. #26]

Petitioner states that motions he filed in the state appellate courts were not forwarded to the judges and justices by state court clerks. He asks this court to notify the state appellate judges and justices of his concerns.

The role of the federal court is to decide the issues presented in this habeas corpus action. The court is impartial; it cannot advocate on behalf of a litigant. See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty ... to perform any legal 'chores' for the defendant that counsel would normally carry out."). Accordingly, the court will not advance

petitioner's concerns in the state appellate courts. Petitioner's motion is denied.

III. Motion for Articulation and/or Computer Discs [Doc. #27] and Motion to Seal or Produce [Doc. #31]

Petitioner has filed two new motions seeking copies of transcripts and computer discs. The court previously has denied four motions seeking the same relief. Petitioner's motions are denied for the reasons stated in the court's September 17, 2008 ruling.

IV. Motion for Ruling and Explanation [Doc. #32]

Finally, petitioner notes that the reply date in the order to show cause is approaching and asks the court to schedule an evidentiary hearing. The court has granted respondent's motion for an extension of time to respond to the order to show cause. Accordingly, petitioner's motion is denied without prejudice as premature.

V. Conclusion

Petitioner's motion/response [**doc. #25**] is **GRANTED** to the extent that the Clerk is directed to **send petitioner a copy of the docket sheet** and **DENIED** without prejudice in all other respects. Petitioner's motions to notify [**doc. #26**], for articulation and/or copies [**doc. #27**] and to seal or produce [**doc. #31**] are **DENIED**. His motion for ruling [**doc. #32**] is **DENIED** without prejudice as premature.

3

**SO ORDERED** at Bridgeport, Connecticut this  13th   day of November 2008.

                                        /s/ *William I. Garfinkel*
                                        WILLIAM I. GARFINKEL
                                        UNITED STATES MAGISTRATE JUDGE