```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


GARY DAMATO
                                              PRISONER
     v.                            Case No. 3:08cv855(SRU)(WIG)

WARDEN MURPHY
```

RULING AND ORDER

Petitioner has filed nine motions in this habeas action.

I.   Motions for Appointment of Counsel [docs. ##39, 47, 48]

Plaintiff seeks appointment of counsel in this habeas corpus action. He argues that the court is denying his constitutional rights by failing to appoint counsel. As the court previously explained, there is no constitutional right to counsel in a habeas corpus action. Appointment of counsel in a habeas corpus action is discretionary. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). The court should exercise its discretion to appoint counsel only when the interests of justice so require, unless an evidentiary hearing is necessary. See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).

In its December 9, 2008 ruling granting petitioner's motion for articulation, the court stated that it was unable to determine whether justice required that it exercise discretion

and appoint counsel until the respondent filed his response to the court's order to show cause. The response has not yet been filed. Petitioner, however, has ignored the court's statements and filed additional motions for appointment of counsel.

After reviewing the response to the order to show cause and any reply that petitioner may file, the court will determine whether an evidentiary hearing is required. If so, the court will appoint counsel. Petitioner need not file any more motions for appointment of counsel. Plaintiff's motions for appointment of counsel [**docs. ## 39, 47, 48**] are **DENIED**.

II. Motions relating to Computer Discs and Transcripts [docs. ##45, 52]

In the ruling on petitioner's motion for articulation, the court also explained why he was denied discovery of computer discs and rough drafts of the trial transcript. See Doc. #43. Petitioner has filed two more motions seeking these same materials. Although he states that a state court employee has informed him that the materials exist and are in possession of the state court, he has not indicated what he expects to discover nor has he provided specific evidence relating the materials he seeks to his claims before this court. Petitioner's motions [**docs. ##45, 52**] are **DENIED**.

III. Motion for Copies [doc. #49]

Petitioner seeks a free copy of the docket sheet. He states that he mailed motions without making copies because he was

unable to go to the prison library/resource center.  Petitioner's motion [**doc. #49**] is **GRANTED**.  The Clerk is directed to mail petitioner a copy of the docket sheet with this ruling.

Petitioner is on notice, however, that the court will not provide him a free copy of the docket sheet every time he files motions.  Most of petitioner's motions consist of one or two handwritten pages with no exhibits.  While making photocopies would be easier, the court cannot discern why petitioner could not copy these simple motions by hand.

IV.   Motions for Summary Judgment and to Appear [doc. ##44, 53]

Although captioned a motion for summary judgment, petitioner seeks sanctions in the form of entry of judgment in his favor because the respondent failed to timely file a response to the order to show cause.  At the time he filed this motion, the respondent had been granted an extension of time to file his response.  That time had not yet expired.  Thus, there is no factual basis for petitioner's motion.

Rule 56, D. Conn. L. Civ. R., sets forth the requirements for filing a motion for summary judgment.  If petitioner were attempting to file a motion for summary judgment, he has not submitted the required documents with his motion.  The motion for summary judgment [**doc. #44**] is **DENIED** and petitioner's motion to appear and argue the merits of his motion [**doc. #53**] is **DENIED** as moot.

V.  Motion for Library Access [doc. #51]

Petitioner seeks an order for the staff at Cheshire Correctional Institution to place him on the list to use the prison library/resource center.  He states that he needs access to legal and copy materials.  Although he states that he has not been allowed to go to the library in the eight weeks he has been at Cheshire Correctional Institution, petitioner does not indicate whether his name has been added to the list of inmates requesting library access.  The fact that he has not yet been called to use the library does not necessarily mean that his request has been ignored.  In addition, until the response to the order to show cause is filed, the court can discern no legal issues requiring research.  Petitioner's motion [**doc. #51**] is **DENIED** without prejudice.

VI. Conclusion

Petitioner's motions for appointment of counsel [**docs. ## 39, 47, 48**] and motions relating to computer discs and transcripts [**docs. ##45, 52**] are **DENIED**.  Petitioner's motion for summary judgment [**doc. #44**] is **DENIED** and his motion to appear in court [**doc. #53**] is **DENIED** as moot.  His motion for access to the library [**doc. #51**] is **DENIED** without prejudice.

Petitioner's motion for a copy of the docket sheet [**doc. #49**] is **GRANTED**.  The Clerk is directed to send petitioner a copy of the docket sheet with this ruling.

**SO ORDERED** at Bridgeport, Connecticut this ___21st___ day of January 2009.

             _/s/ William I. Garfinkel_
             WILLIAM I. GARFINKEL
             UNITED STATES MAGISTRATE JUDGE