UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO
                                                            PRISONER
     v.                           Case No. 3:08cv855(SRU)(WIG)

WARDEN MURPHY


RULING AND ORDER

This ruling considers ten motions filed by petitioner in this habeas action.

I.    Motions for Default [docs. ##68, 72, 74, 79, 80]

Petitioner has filed five motions in which he seeks entry of default against the respondent for failure to timely respond to the court's order to show cause and complains that the court has granted respondent extensions of time to file the response.

The Second Circuit prefers that a case be decided on the merits rather than by entry of default followed by default judgment.  See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir. 2004) ("Default judgments 'are generally disfavored and are reserved for rare occasions.'"), cert. denied, 543 U.S. 1177 (2005).  Respondent filed his answer and memorandum in opposition to the petition on January 30, 2009, before many of petitioner's motions were received by the court.  As respondent has now complied with the order to show cause, petitioner's motions relating to entry of default are denied as moot.

1

II.  <u>Motions Seeking Computer Discs and Tapes [docs. ##67, 78]</u>

These two motions are identical with the first motion including the referenced exhibits.  On December 9, 2008, the court explained that petitioner had not indicated whether these materials still exist, who has them and what information he expects to discover.  The court also stated that petitioner had not provided specific information relating these materials to the claims raised in his federal habeas petition.  <u>See</u> Doc. #43.  Petitioner states that he is complying with these requirements.

Petitioner has attached to the first motion four pages of transcript from what appears to be the jury selection in petitioner's state criminal case.  There is a discrepancy in the transcript.  Defense counsel is introduced on page 12.  Page 13, however, appears to jump back to the opening remarks of the prosecutor.  The introduction of defense counsel appears again on page 14.  Based on this discrepancy, petitioner asks the court to assume the existence of other errors and order production of the computer discs and tapes.

Petitioner has not complied with the court's directions.  He has not provided evidence that the materials still exist or who has them.  He has not related the one discrepancy he identified to any issue in this case.  Petitioner's motions for production of computer discs and tapes are denied.

III. <u>Motions for Copies [docs. #77, 84, 86]</u>

Petitioner seeks free copies of documents filed by respondent and free copies of the docket sheet. On January 21, 2009, the court sent petitioner a copy of the docket sheet and notified him that he will not be provided a free copy of the docket sheet every time he files motions or free copies of motions he has filed. <u>See</u> Doc. #55. Petitioner's request for a free copy of the docket sheet is denied. Petitioner may contact the Clerk to ascertain the number of pages in the docket sheet and the cost for a copy.

In addition, petitioner has no constitutional right to free photocopies, <u>see, e.g.</u>, <u>Collins v. Goord</u>, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006), and <u>in forma pauperis</u> status does not entitle him to free copies of documents in the court's file. <u>See, e.g.</u>, <u>Guinn v. Hoecker</u>, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy) (Table), <u>cert. denied</u>, 514 U.S. 1118 (1995); <u>Douglas v. Green</u>, 327 F.2d 661, 662 (6th Cir. 1964) (28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment). Petitioner's requests for free copies of documents filed by respondent are denied. Petitioner may contact the Clerk to determine the cost of the copies he wants. If petitioner cannot pay the required copy fee,

he may file a motion explaining his need for the particular documents and attach evidence demonstrating his lack of funds.

IV. <u>Conclusion</u>

Petitioner's motions relating to an entry of default [**docs. ##68, 72, 74, 79, 80**] are **DENIED** as moot.  The motions seeking production of computer discs and tapes [**docs. ##67, 78**] and motions for free copies [**docs. #77, 84, 86**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut this   5th    day of March 2009.

           /s/ *William I. Garfinkel*
           WILLIAM I. GARFINKEL
           UNITED STATES MAGISTRATE JUDGE