UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY DAMATO | : | |
| | : | PRISONER |
| v. | : | Case No. 3:08cv855 (SRU) |
| | : | |
| WARDEN MURPHY | : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS
AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Gary Damato is currently confined at the Garner Correctional Institution in Newtown, Connecticut. He brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his 2004 conviction for inciting injury, attempt to assault a prosecutor and attempted murder. The respondent has filed a memorandum in opposition to the petition and Damato has filed a motion for summary judgment seeking the relief requested in his petition. For the reasons that follow, the petition and Damato's motion for summary judgment are denied.

I.   Standard of Review

A federal court will entertain a petition for a writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the United States Constitution or federal law. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

>Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For purposes of the habeas statute, federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court has decided a case on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case. The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Boyette v. Lefevre*, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits). Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant

2

a habeas petition. *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993).

II.    Procedural History

On September 30, 2004, Damato was convicted by a jury of inciting injury to persons, attempted assault on a prosecutor and attempted murder. On October 25, 2005, he was sentenced to a term of imprisonment of twenty-one years.

Damato appealed his conviction on the same seven grounds raised in this petition. *See State v. Damato*, 105 Conn. App. 335 (2008). (Am. Application for a Writ of Habeas Corpus, doc. # 16; hereinafter, "Petition"). The Connecticut Appellate Court affirmed the conviction, and Damato sought certification from the Connecticut Supreme Court. On April 21, 2008, the Connecticut Supreme Court denied certification. *See State v. Damato*, 286 Conn. 920 (2008).

In December 2005, Damato filed a petition for a writ of habeas corpus in state court, alleging ineffective assistance of trial counsel. The petition was denied. *See Damato v. Warden*, No. TSR CV05 4000842-S (Conn. Super. Ct. Sept. 20, 2007), *appended to* Application for a Writ of Habeas Corpus, doc. # 1, as Ex. B. Damato does not raise any issues from the state habeas action in this case.

III.    Factual Background

The Connecticut Appellate Court determined that the jury reasonably could have found the following facts. Assistant State's Attorney Christopher Parakilas prosecuted Damato's son in a narcotics case and also prosecuted Damato in an assault case. Damato plotted to assault or murder Parakilas, and took several steps in furtherance of a plan to do so. He solicited his friend, Cord Campbell, to find a gun and to hire another individual to kill Parakilas for $5000. Damato followed, or had someone follow, Parakilas to a restaurant, "reconnoitered Parakilas's place of

residence," and provided detailed information to Campbell. On November 14, 2002, Tommy Carbone, an acquaintance of Damato and Damato's son, told the state police that he had overheard Damato discussing a "hit" on Parakilas over the telephone. In the following days, Carbone engaged Damato in recorded conversations regarding Parakilas. A warrant was issued and Damato was arrested on November 19, 2002. *State v. Damato*, 105 Conn. App. at 338.

IV. Discussion

Damato asserts seven grounds for relief: (1) there was insufficient evidence to support his convictions on the charges of attempted assault of a prosecutor and attempted murder, (2) there was insufficient evidence to support his conviction on the charge of inciting injury to persons, (3) the trial court's misstatement of the law on the charge of inciting injury to persons deprived Damato of due process and violated his right to freedom of speech, (4) the admission of evidence of prior misconduct deprived Damato of a fair trial, (5) the trial court's failure to give a specific jury instruction regarding the credibility of a jailhouse informant deprived Damato of due process, (6) the trial court improperly admitted rebuttal testimony regarding statements made by Damato, and (7) the trial court deprived Damato of a fair trial by admitting repeated referenced to Damato's pending and unrelated assault charge. (*See* Petition 4, 10.)

A. Insufficient Evidence on Charges of Attempted Asualt and Attempted Murder

Damato's first ground for relief is that the state presented insufficient evidence to support his conviction for attempted assault and attempted murder. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Federal courts, however, do not relitigate state trials and make independent

4

determinations of guilt or innocence. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). When a petitioner challenges the sufficiency of the evidence used to convict him, the court must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In discussing this standard, the Supreme Court has emphasized "the deference owed the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency [of the evidence] review." *Wright v. West*, 505 U.S. 277, 296 (1992). The Connecticut Appellate Court cited and applied this standard in reviewing Damato's sufficiency of the evidence claims. *See Damato*, 105 Conn. App. at 340-47. Thus, the state decision was not contrary to established Supreme Court law.

   To obtain a conviction of attempt to commit murder or attempt to assault a prosecutor, the state was required to prove as an element that Damato intentionally committed a "substantial step" in a course of conduct that would result in commission of the crime. Conn. Gen. Stat. § 53a-49(a)(2), § 53a-54a, § 53a-167d(a). *See also, e.g.*, *State v. Wells*, 100 Conn. App. 337, 343-44, *cert. denied*, 282 Conn. 919 (2007) (identifying the elements of attempt to commit assault). Damato argued before the Connecticut Appellate Court that the state failed to present sufficient evidence to establish that he took a "substantial step" toward the commission of murder or assault of the prosecutor. Damato argued that the evidence did not support that he "followed Parakilas and reconnoitered Parakilas' residence." *Damato*, 105 Conn. App. at 339.

   At trial, the prosecution presented the following evidence. Damato was upset with Parakilas and thought Parakilas was harassing his son. (Resp't Mem. of Law in Opp'n, doc. #

64, App. H, Tr. 09/20/04 at 612-13.)  Damato's friend Cord Campbell, a convicted felon, had told Damato that he "knew people that could do things."  (*Id.* at 606, 614.)  Damato asked Campbell to arrange to have those people "F up" a prosecutor.  (*Id.* at 614, 617, 621, 625-26, 637.)  Campbell testified that Damato wanted the prosecutor hurt and offered to pay $5000 to the persons hired to perform that act, half paid as a down payment.  (*Id.* at 621.)  Damato referenced this arrangement several times with Campbell, asking him if he had contacted the people and discussing the money.  (*Id.* at 614-15, 625-26.)  Damato also asked Campbell to obtain a gun for him. (*Id.* at 620.)

With regard to the challenged element, Campbell testified that Damato described the location of the prosecutor's home as at the end of a dead-end street, across railroad tracks. Damato also stated that the property was accessible by boat and described bushes on the property. (*Id.* at 618-19.)  In addition, a friend of Damato's son testified that he saw Damato in a courthouse holding cell in August 2004, at which time Damato threatened to kill Parakilas and told the friend that he had had Parakilas followed.  (*Id.*, Tr. 09/21/04 at 700-05.)  Parakilas confirmed the description of his residence and stated that he often drove from the courthouse to his home, sometimes stopping at the restaurant Damato had mentioned.  (*Id.* at 648, 660-61, 703.)  Parakilas also testified that he had moved to the residence within about a year and was unaware of any public listing of his address.  (*Id.* at 690.)

The Connecticut Appellate Court concluded that the jury reasonably could have inferred that Damato followed Parakilas or reconnoitered his residence from the evidence that Damato knew Parakilas' address, described his property, knew where he often ate and stated that he had had Parakilas followed.  *Damato*, 105 Conn. App. at 344-45.  Viewing the evidence in the light

6

most favorable to the prosecution, as required under Supreme Court precedent, the Connecticut Appellate Court's determination that the state presented sufficient evidence to support Damato's convictions for attempted assault and attempted murder was not an unreasonable application of established federal law or based upon an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The petition for a writ of habeas corpus is denied on this ground.

### B. Insufficient Evidence on Charge of Inciting Injury

Damato also challenges his conviction for inciting injury to another person on the ground of insufficiency of the evidence. The crime of inciting injury has the following elements: the speech at issue must be directed to incite criminal action, the speech must be likely to produce the action, the action must be imminent, and the defendant must have an intent to cause injury. Conn. Gen. Stat. § 53a-179a. *See also State v. Ryan*, 48 Conn. App. 148, 149, 152, 156-57 (1998). In support of his claim, Damato relies on *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (per curiam).

In *Brandenburg*, the Supreme Court overturned a state statute that punished anyone who advocated or taught that violence was necessary or appropriate as a means of effecting industrial or political reform. The Court held that, by punishing mere advocacy, the statute violated the First Amendment right of freedom of speech. *Id.* at 448-49. The Court also noted that the trial court had not distinguished mere advocacy from incitement to imminent lawless action in its instructions to the jury. *Id.*

Damato does not challenge the constitutionality of the state statute. He argues only that the state presented insufficient evidence to support the charge. The Connecticut Appellate Court concluded that the state established that Damato intended to harm Parakilas when he asked

Campbell to obtain a gun and offered to pay $5000 if Campbell could arrange for someone to harm Parakilas. *Damato*, 105 Conn. App. at 347. Several witnesses testified that Damato was angry with Parakilas and wanted Parakilas killed or hurt. *Damato*, 105 Conn. App. at 339, 344. The Appellate Court acknowledged that Campbell testified he did not think that Damato was serious, but noted that other evidence supported the determination that Damato's actions were likely to result in unlawful action. *Id.* at 340. Damato had initiated events designed to cause harm to Parakilas, contacted a friend to arrange a murder, provided a description of Parakilas' residence, asked for a gun and specifically referenced murder. *Id.* at 338. Finally, the Appellate Court determined that the jury could reasonably have inferred that the action was imminent because, in November 2002, Damato told an acquaintance that everything had been arranged and that he would need money after the holidays to complete payment. *Damato*, 105 Conn. App. at 340, 347.

Although Damato argues that imminent means immediate, he cannot show his construction has been adopted by the Supreme Court. Thus, the state courts' construction of the term is not contrary to or an unreasonable application of clearly established federal law. The analysis of the Connecticut Appellate Court was a reasonable application of Supreme Court law regarding sufficiency of the evidence and consistent with the holding in *Brandenburg*. The petition for a writ of habeas corpus is denied on this ground.

    C.    <u>Misstatement of the Law on Inciting Injury to Persons</u>

Damato contends that the trial court improperly instructed the jury on the law with regard to the charge of inciting injury to persons. He argues that the instructions given did not accurately reflect state law. For example, he argued that the court should have instructed the jury

that imminent meant immediate and instantaneous, instead of about to occur or impending with no specific time frame.

As discussed above, the state courts' construction of the term "imminent" does not violate clearly established federal law. There is no basis for federal habeas relief if a jury instruction is incorrect under state law. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). That was the only challenge to the instruction asserted in state court.[1] Thus, Damato's claim is not cognizable in this action and the petition is denied on this ground.

> D.     Testimony of Jailhouse Informant

Damato next contends that the trial court should have instructed the jury on the credibility of jailhouse informants even though he did not request such a charge. He relies on the fact that, after his trial was concluded but before the appeal was decided, the Connecticut Supreme Court determined that such an instruction should be given. Damato raised this argument for the first time on direct appeal.

Respondent argues that Damato is not entitled to federal habeas review because the claim was procedurally defaulted. A state prisoner who defaults on his federal claim in state court pursuant to an independent and adequate state procedural rule cannot obtain federal habeas review of that claim unless he can demonstrate cause for the default and actual prejudice resulting from the default or he can show that failure to consider the claim will result in a

---

[1] Damato could have asserted a federal habeas claim if the instruction, by itself, so infected the entire trial that he was denied due process. *Estelle*, 502 U.S. at 72. However, before asserting such a claim in federal court, he must have exhausted his state court remedies by raising the claim on direct appeal or in a state habeas petition and pursuing the claim to the state's highest court. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005). Damato did not challenge the jury instruction in state court on due process grounds. Thus, the claim is not exhausted and this court cannot consider a due process claim regarding the jury instruction.

fundamental miscarriage of justice.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

To establish cause to excuse procedural default, Damato must identify some objective factor, external to the defense, that prevented the defense counsel from raising the claim.  Such factors include interference by state officials impeding compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel.  *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).  Damato did not request an instruction regarding the credibility of jailhouse informants and has provided no reason for failing to do so.  Thus, he has not established cause to excuse his procedural default.

Nor can Damato show that failure to consider this claim would result in a fundamental miscarriage of justice, that is, "the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).  To meet this exception, Damato must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Damato has presented no evidence showing that he is innocent of the charges.

The Supreme Court has recognized a limited exception to the procedural default rule in exceptional cases.  *See Lee v. Kemna*, 534 U.S. 362, 376, 383 (2002) (finding exception to procedural default where state court applied procedural rule that all motions must be in writing to situation where attorney sought brief continuance because alibi witness had left the courthouse).  The Court held that procedural default may not bar federal habeas review where the state court did not rely on the procedural rule, state cases do not demand flawless compliance with the rule under the circumstances present, and the defendant substantially complied with the procedural

rule. *Id.* at 381-83.

Because his trial occurred before the Connecticut Supreme Court held that the trial court always should give such an instruction, there is no basis upon which to conclude that the court should have given the instruction absent a request to charge. The Connecticut Appellate Court relied on the procedural default when refusing to review the claim after determining that the claim did not rise to the level of plain error. In addition, the Connecticut Appellate Court consistently refuses to review such claims when an instruction was not requested at trial. *See, e.g., State v. Joseph*, 110 Conn. App. 454, 461-62 (2008) (rejecting claim that judge's failure to give, *sua sponte*, a jailhouse informant instruction was plain error); *State v. Martinez*, 95 Conn. App. 162, 166 n.3 (2006) (declining to review an evidentiary claim, made for the first time on appeal, regarding a jury instruction pertaining to the credibility of jailhouse informants). Damato procedurally defaulted this claim and is not entitled to federal habeas review.

E.      Rebuttal Testimony

Damato argues that the trial court improperly admitted rebuttal testimony. The Connecticut Appellate Court noted that, at trial, Damato presented testimony by his daughter to show that he abused pain medication and was incoherent and significantly impaired when he made plans to harm Parakilas. Over Damato's objection, the state introduced testimony by Damato's former girlfriend to rebut his daughter's testimony. The girlfriend testified that Damato was able to function normally during the relevant time period and seemed coherent and not under the influence of any drugs when she overheard him discussing his plans regarding Parakilas. *See Damato*, 105 Conn. App. at 360-61.

On direct appeal, Damato challenged the admission of the rebuttal evidence as

"evidentiary error" and argued that the trial court had abused its discretion. (*See* Resp't Mem. of Law in Opp'n, doc. # 64, App. C at 29-30.) Damato did not raise any claim that introduction of the rebuttal evidence violated the Constitution or federal law. As stated above, the federal court can review a state conviction only on the ground that it violates the Constitution or federal law. *See* 28 U.S.C. § 2254(a). Thus, this claim is not cognizable in a federal habeas corpus action.

  F. <u>Evidence of Prior Misconduct</u>

Damato argues that he was denied a fair trial because the trial court admitted evidence that the large volume of telephone activity on Damato's cell phone was consistent with a person engaged in drug transactions. The Connecticut Appellate Court determined, however, that the evidence was relevant and material and that its probative value outweighed any prejudicial effect. *See Damato*, 105 Conn. App. at 353-58.

Where evidence is probative of an essential element in a case, admission of that evidence does not violate the defendant's right to due process. *See Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. at 69). In addition, the erroneous admission of evidence rises to the level of a constitutional violation only if the evidence was "crucial, critical, [or] highly significant" in securing the conviction. *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985) (citation omitted).

The Connecticut Appellate Court held that the evidence was material because it showed that Damato had a source of income from which he could obtain the $5000 to pay the persons hired to harm Parakilas. Damato had introduced evidence that he had abused prescription medications and had engaged in drug transactions over the phone. Thus, the Connecticut Appellate Court also held that the probative value of the evidence outweighed any prejudicial effect of testimony that the pattern of Damato's cell phone use was consistent with a person

engaged in drug transactions. In light of the other evidence presented at trial, this testimony was not highly significant in securing Damato's conviction. Thus, the introduction of the evidence did not deprive Damato of a fair trial. The petition for a writ of habeas corpus is denied on this ground.

      G.      <u>References to Pending Unrelated Charges</u>

Damato also argues that he was denied a fair trial because the trial court permitted repeated references to Damato's pending, unrelated assault charge. As stated above, the admission of evidence that is probative of a material element of a charge does not deny a criminal defendant due process or violate his right to a fair trial.

The evidence in question was a prior charge against Damato for assault. Assistant State's Attorney Parakilas assisted in prosecuting Damato on the charge, *Damato*, 105 Conn. App. at 338, but, according Damato, did not issue an arrest warrant for the other person involved in the underlying incident. *Id.* at 358. Damato had told the state police that he hated Parakilas for what Parakilas did to him and his son and that he wanted to hurt Parakilas for what Parakilas had done. *Id.* The Connecticut Appellate Court determined that the evidence was relevant and material to show Damato's motive to harm Parakilas. The Court also concluded that the probative value of the evidence outweighed its prejudicial value. The assault charge was already before the jury by its reference in Damato's statement to the police. In addition, the trial court gave limiting instructions to the jury immediately after the testimony regarding the assault charge. *See id.* at 358-59.

Because the prior misconduct evidence was relevant to establish Damato's motive, the admission of that evidence did not deprive Damato of due process and a fair trial. *See* Fed. R. Evid. 404(b) (evidence of "other crimes" admissible to show "motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident"). Thus, Damato has not shown that the admission of the prior misconduct evidence violated the Constitution or any federal law. The petition for a writ of habeas corpus is denied on this ground.

V.     Conclusion

Because Damato's petition is without merit, his summary judgment motion necessarily fails. Accordingly, the petition for writ of habeas corpus [**doc. #1**] and Damato's motions for summary judgment [**docs. ## 69, 97**] are **DENIED**. Damato's motion for bail reduction or release from custody [**doc. #71**], motion to appear and argue his motion for summary judgment [**doc. #70**], motions to appoint counsel [**docs. ## 90, 97, 99**], motion for clarification [**doc. # 81**], motion for sanctions [**doc. # 82**], motions for articulation [**docs. ## 88, 89**], motion to have exhibits copied and returned and fee waived [**doc. # 94**], motion to dismiss and produce [**doc. # 95**], motions for hearing [**docs. ## 97, 98, 100**], motion for release pending review [**doc. # 98**], motion for indigency approval docket sheet [**doc. # 101**], motion for a separate docket sheet Ruling under Rule 58 A [**doc. # 102**], and motion for Default Entry 55(a) as to all defendants [**doc. # 104**] are **DENIED** as well. The Clerk is directed to enter judgment in favor of respondent and close this case.

Damato has not shown that he was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith. Accordingly, a certificate of appealability will not issue.

**SO ORDERED** this 12th day of August 2009, at Bridgeport, Connecticut.

                                                /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge