UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY DAMATO | : | |
| | : | PRISONER |
| v. | : | Case No. 3:08cv855 (SRU) |
| | : | |
| WARDEN MURPHY | : | |

RULING AND ORDER

On August 12, 2009, I denied Gary Damato's petition for writ of habeas corpus, his motion for summary judgment and various other motions. See Doc. #105. Damato now seeks reconsideration of that decision and leave to add exhibits to a notice he filed in June 2009.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

Damato seeks reconsideration of the court's ruling concerning his sufficiency of the evidence claim. In support of his motion, he refers the court to decisions from cases decided by various courts of appeal on direct appeal. This case, however, is a habeas corpus action. Damato is entitled to relief only if the challenged state court decision is contrary to or an unreasonable application of Supreme Court law. See 28 U.S.C. § 2254(d); Carey v. Musladin, 549 U.S. 70, 74

(2006).  Damato cites no controlling Supreme Court precedent that I overlooked.[1]  The motion for reconsideration is denied with respect to the sufficiency of the evidence claim.

Damato also argues that the state court's interpretation of the term "imminent" rendered the statute against inciting injury unconstitutional as violating the Due Process Clause.  Damato did not challenge the constitutionality of the statute in state court.  He argued only that the state court misconstrued the term.  As noted in my prior ruling, the Supreme Court has not defined the term "imminent."  Thus, the state court ruling was neither contrary to nor an unreasonable application of Supreme Court law.  Relitigation of previously decided issues is not the function of a motion for reconsideration.

If Damato now seeks to assert a constitutional challenge to the statute, his claim is not exhausted.  A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  Before filing a habeas corpus action in federal court, Damato must present the factual and legal bases of his federal challenges to his conviction to the highest state court capable of reviewing them.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).  Damato did not challenge the statute as unconstitutional in state court; thus, his claim is not exhausted.

Damato also seeks leave to add exhibits to his "Notice to the court of felonies committed by the State Police" filed June 25, 2009.  Damato did not attach any exhibits to his motion, so I

---

[1] In addition, Damato argues that the state court decision was incorrect.  To obtain federal habeas corpus relief, however, Damato must show that the state court decision is more than incorrect.  He must show that the decision was objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

am unable to evaluate whether to docket them.  Instead, he describes several documents and includes many paragraphs of legal argument reiterating the challenges to his conviction and responding to respondent's arguments and exhibits.  Damato's motion is denied without prejudice for failure to attach the proposed exhibits.

In conclusion, Damato's motion for reconsideration [**doc. #116**] is **DENIED** and his motion to add exhibits [**doc. #118**] is **DENIED WITHOUT PREJUDICE**.  Any appeal from the denial of the motion for reconsideration would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**SO ORDERED** this 9th day of November 2009, at Bridgeport, Connecticut.

       /s/ Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge