UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO                          :
                                     :                    PRISONER
        v.                           :          Case No. 3:08cv855 (SRU)
                                     :
WARDEN MURPHY                        :

RULING AND ORDER

On August 12, 2009, the court denied Gary Damato's petition for writ of habeas corpus,

his motion for summary judgment and various other motions.  *See* Doc. #105.  On September 3,

2009, Damato filed a motion for reconsideration.  Although the court denied the motion for

reconsideration as untimely filed, it considered the merits of Damato's claims and determined

that reconsideration of the decision was not warranted.  *See* Doc. #120.  Damato now has filed

two motions for relief from judgment, entitled motions for reconsideration,[1] along with several

other miscellaneous motions.

I.      Amendments to Motion for Relief from Judgment

Between December 28, 2009 and December 30, 2009, Damato filed four motions to

amend his motion for relief from judgment.  The two motions for relief from judgment currently

pending were not filed until January 4, 2010, and January 20, 2010.  Because there were no

pending motions for relief from judgment at the time Damato filed his motions to amend, the

court denied the motions to amend as moot.  *See* Doc. #130.

Damato now states that he attempted to file his first motion for relief from judgment at

the time his submitted the motions to amend, but the motion was returned to him for lack of a

_____

        [1]Damato states that he brings the motions pursuant to Rule 60(b) of the Federal Rules of
Civil Procedure.

signature.  He asks the court to consider the motions to amend in conjunction with the pending motions for relief from judgment.  Damato's request [doc. #137] is GRANTED.  The court will consider the motions for relief from judgment and the arguments raised in the four motions to amend in this ruling.  Damato need not refile the motions.  Thus, his request for copies of the four motions to amend so he can refile them to be considered with the pending motions for relief from judgment [doc. #136] is DENIED.

II.  <u>Motions for Relief from Judgment, as Amended, and Motion to Clarify the Motion for Relief from Judgment</u>

On January 4, 2010, Damato filed a motion for relief from judgment.  On January 20, 2010, he filed a second motion for relief from judgment and a motion to clarify his prior motion. In this ruling, the court considers all of the arguments asserted by Damato in his motions for relief from judgment, as clarified, and in the motions to amend.  Thus, Damato's motion to clarify [doc. #131] is GRANTED.

Federal Rule of Civil Procedure 60(b) provides several reasons to set aside a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Damato does not identify the subsection upon which he bases his motion.  In support of his motions he repeats many of arguments raised in support of his petition.  He also argues that he was held to an incorrect pleading standard.  The court will consider the motion under

2

subsections 60(b)(1) and 60(b)(6).

Subsection 60(b)(1) allows relief from judgment in cases of mistake, inadvertence surprise or excusable neglect.  The court considers under this subsection Damato's argument that he did not cite cases in his federal habeas petition because the petition form indicated that he should not do so.

Damato is correct that he was not required to cite cases in his federal habeas petition.  In ruling on the amended petition, however, the court also considered Damato's motions for summary judgment and other motions filed in this case.  In none of those motions did Damato cite cases demonstrating that the state court unreasonably applied federal law.  In addition, the court conducted an independent review of Damato's claims and concluded that the state court decisions reasonably applied federal law.

In his pending motions, Damato provides citations to state and federal cases.  Many of those cases consider claims on direct appeal.  As the court has explained to Damato, the standard on a federal petition for habeas corpus is more stringent than the standard on direct appeal. Damato must prove not that the state court decision was incorrect, but that it was an unreasonable application of federal law.  *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (federal habeas petitioner must show that the state court decision was objectively unreasonable, "a substantially higher threshold" than being incorrect).   Damato has not met that standard. Accordingly, relief from the judgment is not warranted under subsection 60(b)(1).

The court considers the remaining arguments under subsection 60(b)(6).  The following arguments are contained in the various motions pending before the court:  (1) the court failed to apply a liberal pleading standard to the claims in the federal habeas petition; (2) the state court

3

did not adjudicate his constitutional claims because his lawyer did not raise the claims; (3)

Damato intended, by his claim of insufficiency of the evidence on the charge of inciting injury to

challenge the constitutionality of the state statute; (4) the state court's definition of the term

"imminent" exceeded the scope of the true meaning of the term and prevented the jury from

independently realizing that he has taken no substantive steps beyond a conversation; (5) the trial

court's instruction on the charge of inciting injury was improper; (6) the trial court failed to

charge the jury regarding a jailhouse informant; (7) the trial court improperly admitted irrelevant

and prejudicial acts of prior misconduct, thereby depriving Damato of a fair trial; (8) the trial

court improperly admitted rebuttal testimony concerning statements made by Damato thereby

denying him due process; (9) Damato disputes the state's evidence of a "substantial step" to

show attempt and argues that insufficient evidence was presented; (10) the use of wiretap

evidence violated Damato's Fourth Amendment rights and the prosecutor committed misconduct

by permitting two non-identical transcripts to be admitted into evidence; and (11) trial counsel

failed to suppress a Class C felony.  In support of many of these arguments, Damato has attached

to his motions selected pages from the appellate brief he filed in state court.

     A. <u>Liberal Pleading Standard</u>

     Damato first contends that he should be afforded relief from judgment because the court

did not consider his petition under a liberal pleading standard as required by *Haines v. Kerner*,

404 U.S. 519 (1972).  In his federal habeas petition, Damato raised the same claims he raised on

direct appeal.  He attached to his amended petition, in the section asking him to state his first

ground for relief, the statement of issues from his appellate brief.  He indicated "N/A" in the

sections asking for any additional grounds for relief.  *See* Doc. #16.  Because Damato clearly

indicated that he was raising the same grounds he raised on direct appeal, the court construed the grounds for relief in that manner.  Those grounds were drafted by Damato's attorney.  There is no indication in the amended petition that Damato intended to assert any other grounds and there was no attempted *pro se* description of grounds for relief requiring a liberal construction.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  Before filing a habeas corpus action in federal court, a petitioner must present the factual and legal bases of his federal challenges to his conviction to the highest state court capable of reviewing them. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).  Because Damato was required to exhaust his state court remedies on each ground for relief included in his federal petition, the court construed the habeas petition to raise the same claims asserted on direct appeal.  The court concludes that, even applying the liberal pleading standard, relief from judgment in this case is not warranted.

B. Failure to Raise Constitutional Claims

Damato argues that he failed to litigate his constitutional claims in state court because his attorney did not raise them.  He does not specify which of his constitutional claims this argument addresses.  If his constitutional claims have not been presented to the state courts for review, Damato has not exhausted his state court remedies.  Thus, the claims cannot be reviewed by this court and counsel's failure to raise certain claims does not warrant relief from the judgment in this case.

C. Intent to Challenge Constitutionality of State Statute

Damato now argues that when he challenged the state court's interpretation of the term

"imminent" he intended to challenge the statute against inciting injury as unconstitutional in violation of the Due Process Clause. Damato did not challenge the constitutionality of the statute in state court. He argued only that the state court misconstrued the term. The state court is not omniscient. A court can address only the arguments presented to it by the parties.

Damato argues that he cited cases suggesting that the statute might be unconstitutional but the Connecticut Appellate Court failed to divine this argument from the case citations. If that were the case, Damato should have included in his petition for certification to the Connecticut Supreme Court the failure of the appellate court to address his constitutional challenge to the statute. Damato has not shown that he did so.

If Damato seeks to assert a constitutional challenge to the statute, his claim is not exhausted. Because Damato did not afford the state courts an opportunity to consider a constitutional challenge to the statute, his claim is not exhausted and does not warrant relief from the judgment.

D. Reargument of Federal Habeas Grounds for Relief

Damato raised seven grounds in his federal habeas petition: (1) there was insufficient evidence to support his convictions on the charges of attempted assault of a prosecutor and attempted murder, (2) there was insufficient evidence to support his conviction on the charge of inciting injury to persons, (3) the trial court's misstatement of the law on the charge of inciting injury to persons deprived Damato of due process and violated his right to freedom of speech, (4) the admission of evidence of prior misconduct deprived Damato of a fair trial, (5) the trial court's failure to give a specific jury instruction regarding the credibility of a jailhouse informant deprived Damato of due process, (6) the trial court improperly admitted rebuttal testimony

regarding statements made by Damato, and (7) the trial court deprived Damato of a fair trial by admitting repeated referenced to Damato's pending and unrelated assault charge.  In arguments (4)-(9) listed above, he reargues these grounds for relief.

As the court explained in the ruling denying Damato's motion for reconsideration, this case is a habeas corpus action.  Damato is entitled to relief only if the state court decision is contrary to or an unreasonable application of the Supreme Court's interpretation of federal law.  See 28 U.S.C. § 2254(d); *Carey v. Musladin*, 549 U.S. 70, 74 (2006).  Damato's argument, in his habeas petition and in these motions for relief from judgment, is that the state court decision was incorrect.  Even if that were true, it would not warrant relief from judgment in this case.  To obtain federal habeas corpus relief, Damato must show that the state court decision is more than incorrect; he must show that the decision was objectively unreasonable, "a substantially higher threshold." *Schriro*, 550 U.S. at 473.  As indicated below, Damato fails to meet that standard.

1. Definition of the Term "Imminent" and Jury Charge on Inciting Injury

Damato reasserts his argument that the state court did not properly define the term "imminent" and thereby improperly instructed the jury on the charge of inciting injury.  As the court stated in its ruling denying the petition for writ of habeas corpus, the Supreme Court has not defined the term "imminent."  Thus, the state court interpretation of that term was neither contrary to nor an unreasonable application of Supreme Court law.  Federal habeas corpus relief is not warranted on those claims.

2. Jury Charge on Jailhouse Informant

The court denied relief on this claim because Damato procedurally defaulted on the claim in state court by failing to request a jury instruction on the credibility of jailhouse informants.  In

his motions for relief from judgment, Damato argues the merits of the claim.  He does not

address the procedural default or show that the court's conclusion that federal review is

precluded by the procedural default was incorrect.

### 3.  Admission of Evidence of Prior Acts of Misconduct

Damato also challenged the state court's allowance of references to his pending, unrelated

assault charge and statements suggesting that the high volume of cell phone calls suggested

participation in drug transactions as depriving him of a fair trial.

The state appellate court determined that the references to cell phone calls did not violate

him of a fair trial because the information was relevant to an issue raised at trial.  Drug

transactions could be a source of income for Damato to enable him to afford the "hit" on the

state's attorney.  The state court determined that the prior assault charge was relevant to show

Damato's motive for attempting to murder the state prosecutor.  *See Dunnigan v. Keane*, 137

F.3d 117, 125 (2d Cir. 1998) ("Where the prejudicial evidence is 'probative of [an] essential

element' in the case, its admission does not violate the defendant's right to due process.")

(quoting *Estelle v. McGuire*, 502 U.S. 62, 69 (1991)).

This court denied relief on these claims because Damato failed to show that the admission

of the evidence violated the federal law or deprived him of a fair trial.  Damato has not shown in

his motions for relief from the judgment that this determination was incorrect.

### 4.  Admission of Rebuttal Testimony

The court denied relief on this claim because Damato presented this claim in the

Connecticut Appellate Court only as a claim of evidentiary error under state law.  Any possible

federal claim is not cognizable in this court because Damato has not presented a federal

8

constitutional challenge to the admission of this evidence in state court and, therefore, has not exhausted his state court remedies.  *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam) (holding that petitioner seeking to challenge evidentiary ruling as violating his right to due process must raise that claim in both state court and federal court).  Again, Damato argues only the facts underlying this claim.  He does not address his failure to argue any constitutional basis for the claim in the Connecticut Appellate Court.

Damato generally couched this claim in constitutional language in his petition for certification to the Connecticut Supreme Court, *see* Pet. for Cert. attached to Doc. #124.  The Connecticut Supreme Court, however, does not review claims not raised before the Connecticut Appellate Court.  *See State v. Saucier*, 283 Conn. 207, 221-23, 926 A.2d 633, 642-43 (2007).  Thus, it appears that Damato has not properly presented to the Connecticut Supreme Court any constitutional challenge to the admission of rebuttal testimony.

### 5.  Insufficient Evidence to Show Attempt

Damato reasserts the argument, made in support of his federal habeas petition, that there was insufficient evidence to support the charges of attempted murder and attempt to assault a prosecutor.   He contends that his conviction on allegedly insufficient evidence deprived him of due process.

Damato reasserts his view that the state appellate court decision was incorrect.  To obtain federal habeas corpus relief, however, Damato must show that the state court decision that the evidence was sufficient to support his conviction is more than incorrect.  He must show that the decision was objectively unreasonable, "a substantially higher threshold." *Schriro*, 550 U.S. at 473.  As explained above, Damato is entitled to federal habeas relief only if the state court

decision is contrary to or an unreasonable application of the Supreme Court's interpretation of federal law. *See* 28 U.S.C. § 2254(d); *Carey*, 549 U.S. at 74. Contrary to Damato's assumption, this court has not overlooked his argument that the insufficiency of evidence to support his conviction resulted in a deprivation of due process. This court concluded that the state court decision was a reasonable application of the Supreme Court's interpretation of federal law. Thus, Damato's due process claim was without merit. Damato has identified in his motions for relief from judgment no controlling Supreme Court precedent that this court overlooked. Thus, relief from the judgment is not warranted on these claims.

      E.   <u>Fourth Amendment, Prosecutorial Misconduct and Ineffective Assistance of Counsel</u>

The plaintiff seeks relief from judgment because his Fourth Amendment rights were violated by the introduction into evidence of wiretap transcripts of his telephone calls, the prosecutor acted improperly in moving into evidence two non-identical transcripts of the telephone calls, and he was denied effective assistance of counsel. Damato did not raise any of these claims in his original or amended federal habeas petition.

The court cannot act as an advocate for a *pro se* litigant. Although the court has liberally construed the *pro se* petition to raise all possible grounds for relief suggested by Damato's allegations, it does not construe a *pro se* petition to raise any possible ground for relief that might have been, but was not, included. Thus, relief from the judgment is not warranted on these claims.

III.   <u>Motion for Ruling on Allegation of Felonies Committed by State Police</u>

Previously Damato filed notices describing what he considered to be felonious conduct by the Connecticut State Police. He now asks the court to rule on these allegations as well as on

claims of improper conduct by his attorney.  The Connecticut State Police are not parties to this

action.  No claims against the Connecticut State Police, or the admissibility of wiretap transcripts

made by the Connecticut State Police, were raised in the amended petition for writ of habeas

corpus.  Also, no claims of ineffective assistance of counsel are included in the amended petition.

The court considers only the claims raised in the amended petition; it cannot investigate

allegations of improprieties.  Accordingly, the court will not rule on Damato's allegations.

Damato's motion [doc. #138] is DENIED.

If Damato thought that the state police violated his Fourth Amendment rights by

recording telephone conversations, his recourse was to file a motion at trial to suppress that

evidence.  He states, however, that no motion to suppress was filed.  *See* Doc. #138 at 2, ¶ 2.

IV.     Miscellaneous Motions

Finally, Damato has filed motions seeking release while the court considers his motions

for relief from judgment.  Because the motions for relief from judgment have been denied, the

plaintiff's motion [doc. #134] is DENIED as moot.

Although entitled a motion for transcripts, Damato seeks production of rough and

cleaned-up copies of computer discs.  This is the eleventh request for these items filed by

Damato.  Damato now attaches to his motion copies of letters indicating that the transcript was

recorded stenographically and the transcript prepared from the stenographer's disc was identical

to the transcript.  This evidence directly contradicts his assertion that there is a discrepancy in the

transcript that would be revealed by examination of the disc.

Because this case is closed and the motions for relief from judgment have been denied,

Damato's request [doc. #135] is DENIED.  The court notes that any claim based on evidence

11

from a copy of the stenographer's disc was not presented to the state courts for review.  Thus, Damato would not have exhausted his state remedies with regard to that claim.

V.     Conclusion

Damato's motion that the court consider his four motions to amend as applied to the current motion for relief from judgment [**doc. #137**] is **GRANTED**.  Damato's motion to clarify his motion for relief from judgment [**doc. #131**] also is **GRANTED**.  The court has considered the two motions for relief from judgment as clarified and amended by previously filed motions. Damato's request for copies of the motions to amend [**doc. #136**] is **DENIED**.

Damato's motions for relief from judgment [**docs. ## 129, 132**] are **DENIED**.  Damato's motions for release [**doc. #134**], for transcripts [**doc. #135**] and for a ruling on his allegations against the Connecticut State Police [**doc. #138**] also are **DENIED**.

Any appeal from this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**SO ORDERED** this 26th day of May 2010, at Bridgeport, Connecticut.


      /s/ Stefan R. Underhill
                    Stefan R. Underhill
                    United States District Judge