UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO                    :
                               :        PRISONER
    v.                         :   Case No. 3:08cv855 (SRU)
                               :
WARDEN MURPHY                  :

RULING AND ORDER

On August 12, 2009, the court denied the petition for writ of habeas corpus. Since then, the court has denied eleven motions seeking reconsideration of or relief from the judgment pursuant to Federal Rules of Civil Procedure 59 and 60. Petitioner appealed the denial of his habeas petition and the ruling denying one of the motions for reconsideration. The Second Circuit dismissed both appeals. *See* Doc. #171 ("the appeal is DISMISSED because Appellant has failed to show that '(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the Rule 60(b) motion, states a valid claim of the denial of a constitutional right.'"). Petitioner now has filed a motion for new trial pursuant to Rule 59 and a motion for appointment of counsel to assist him on his motion for new trial. For the reasons that follow, the motions are denied.

The petitioner claims that his motions, filed pursuant to Rule 59, Fed. R. Civ. P., are based on newly discovered evidence that warrants a new trial in state court. This motion is inappropriate for several reasons. First, the Federal Rules of Civil Procedure govern proceedings

in federal court. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts...."). Thus, Rule 59 applies to trials conducted in federal court, not state court. Second, even if Rule 59 applied, any motion for new trial must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Judgment entered in this case on August 14, 2009, over seventeen months ago. Thus, the motion would be untimely.

Even considering the motions as seeking to reopen judgment, they should be denied. As this court specifically advised the petitioner when he commenced this action, he must exhaust his state court remedies before the federal court can consider his claims. *See* Doc. #4. In response, the petitioner specifically withdrew the unexhausted claims from his state habeas action and chose to proceed only on the claims he raised on direct appeal. *See* Doc. #5.

The petitioner now states that he seeks a new trial based on newly discovered evidence. Doc. #173 at 1. He cites his mental health, ineffective assistance of counsel and prosecutorial misconduct relating to jailhouse informants. While these claims may not have been raised at the petitioner's state criminal trial, the petitioner knew about the claims before he commenced this action and did not raise them in his petition. For example, the petitioner asserted claims of ineffective assistance of counsel, prosecutorial misconduct and his mental health in a state habeas action that was denied in September 2007. *See Damato v. Warden, State Prison*, No. TSRCV054000842S, 2007 WL 2938382 (Conn. Super. Ct. Sept. 20, 2007). The petitioner specifically withdrew these claims from his federal petition when the court explained that the claims were unexhausted. In a prior ruling denying one of the plaintiff's motions for reconsideration, the court explained to the petitioner that his claims regarding the jailhouse informants was procedurally defaulted. *See* Doc. #146 at 7-8. In addition, the petitioner has

been aware of his ineffective assistance of counsel claim regarding the alleged discrepancy between copies of the transcripts of phone calls since he commenced this case. *See* Doc. #10 (filed Aug. 20, 2008, two months after case commenced, alleging discrepancies in the transcripts). The petitioner has not, however, provided any evidence that he exhausted this claim in the state courts. The petitioner cannot now reopen this case to raise unexhausted or procedurally defaulted claims.

Petitioner's motions for new trial and appointment of counsel [**Doc. ## 172, 173**] are **DENIED**. Any appeal from the denial of these motions would not be taken in good faith. Thus, a certificate of appealability will not issue.

The merits of this case were decided over one year ago. Since that time, petitioner has continually filed repetitive motions for reconsideration, appointment of counsel and permission to amend motions already filed. Both appeals filed in this case have been dismissed. The incessant filing of these repetitive motions has become abusive. **Accordingly, the clerk is instructed not to accept for filing in this case any submission from the petitioner other than a notice of appeal of the order set forth in this paragraph.**

**SO ORDERED** this 31st day of January 2011, at Bridgeport, Connecticut.

                                                   /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge